**IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAYANNA ABOIN, § | | |
| Individually and on Behalf of § | | |
| all Others Similarly Situated, § | | |
| § | Civil Action No. _____ | |
| Plaintiff, § | | |
| § | COLLECTIVE ACTION | |
| v. § | (JURY TRIAL) | |
| § | | |
| IZ CASH INC. § | | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

To The Honorable United States District Court:

Plaintiff Dayanna Aboin ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Defendant IZ Cash Inc. ("IZ Cash" or "Defendant") and in support thereof would show as follows:

**INTRODUCTION**

1. Plaintiff brings this action to recover unpaid wages, overtime compensation, unpaid minimum wages, litigation expenses, expert witness fees, attorney's fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, applicable penalties, and all other available remedies under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff brings this action as an opt-in collective action pursuant to § 216(b) of the FLSA. This collective action includes all hourly, non-exempt cashiers.

3. The collective action consists of current and former cashiers who worked for Defendant at any time in the three years preceding the filing of this suit through the date of judgment, and

were not paid overtime compensation at time and one half their regular rate of pay for hours they worked over 40 in a workweek and/or subject to wage deductions for cash shortages that reduced their pay below minimum wage in violation of the FLSA.

## JURY DEMAND

4. Plaintiff and all others similarly situated demand a jury trial.

## PARTIES

5. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA as a non-exempt, hourly employee. Plaintiff's Notice of Consent to join the collective action is attached hereto and is being filed herewith.

6. Plaintiff Dayanna Aboin is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations. Ms. Aboin was employed with Defendant from approximately July 2018 to August 2020 as a full-time, non-exempt employee.

7. The collective action are those current and former cashiers similarly situated to the Plaintiff as set forth herein.

8. Defendant is a Texas corporation that conducts business in the State of Texas and in this District. Pursuant to Fed. R. Civ. P. 4(e)(1), service can be affected according to the law of the state where this District Court is located, Texas. IZ Cash Inc. may be served by serving its agent for service of process: Kamran Qureshi, 6605 S. Gessner Rd, Houston, Texas 77036.

9. Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.00.

10. At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitute an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

**JURISDICTION AND VENUE**

11. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

12. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b) because among other reasons, Defendant is doing business in this district and division; Plaintiff worked for Defendant in this district and division; and a substantial part of the events giving rise to the claim occurred in this district and division.

**FACTUAL BACKGROUND**

13. IZ Cash has multiple locations across Houston and the surrounding areas. Defendant advertises on its website 19 locations which operate business under the name A1 Check Cashing.

14. Defendant's business consists of check-cashing, money transfers and installment loans.

15. Plaintiff's job duties as a cashier included assisting customers with cashing checks, money transfers, bill payments, loan payments and applications for installment loans. Plaintiff was also responsible for maintaining her cash box during each of her shifts.

16. Defendant employs cashiers similarly situated to Plaintiff at all its locations.

17. Plaintiff and all other similarly situated cashiers are required to come in before their scheduled shift to gather and organize the money for their cash box. Plaintiff and all other similarly situated cashiers are not paid for this work time.

18. Plaintiff and all other similarly situated cashiers are required to stay at work after their scheduled shift to balance their cash box and complete the necessary paperwork for return of the money. Plaintiff and all other similarly situated cashiers are not paid for this work time.

19. The cash boxes used by Plaintiff and all other similarly situated cashiers do not contain a lock or security device to secure the money in the cash box. Thus, anyone can access any of the cash boxes at any time.

20. It is typical for Plaintiff and all other similarly situated cashiers to temporarily leave the unlocked cash boxes unattended during rest room breaks, lunch breaks or when necessary to leave the cashier station to complete other required duties.

21. Defendant held Plaintiff and all other similarly situated cashiers responsible for cash losses when the cash box did not balance at the end of the shift.

22. On August 14, 2020, Plaintiff discovered at the end of her shift that her cash box was short $2,000.10.

23. On August 14, 2020, Plaintiff stayed at work with management for approximately two hours after the end of her scheduled shift trying to discover what happened to the $2,000.10 that was missing from the Plaintiff's cash box. Plaintiff was not paid for this work time.

24. Plaintiff asked management to review the store cameras to see if any other employee or customer may have taken money from Plaintiff's cash box. Management refused to review the cameras, and management did not conduct any further investigation into the cash shortage.

25. On August 14, 2020, management, under threat of termination and criminal charges, required Plaintiff to sign a "Teller Cash Short Payment Agreement" where Defendant scheduled wage deductions to recover from Plaintiff the $2,000.10 cash shortage. The agreement scheduled a $200.10 wage deduction from the Plaintiff's August 17, 2020, paycheck, and then a $200.00 wage deduction from each paycheck for the following nine weeks.

26. From August 17, 2020, to the end of Plaintiff's employment, the wage deductions dropped Plaintiff's pay below the minimum wage in violation of the FLSA.

27. Defendant routinely subjected cashiers similarly situated to Plaintiff to improper pay deductions for cash shortages.

28. Plaintiff was subjected to the impermissible pay deductions regardless of fault or any individual responsibility. Such pay deductions reduced the Plaintiff's pay below the federally mandated minimum wage.

29. Defendant did not provide a time clock or any other timekeeping system for Plaintiff and its other non-exempt employees to record their time worked.

30. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

31. The operation of Defendant's locations and the compensation of Plaintiff and those similarly situated non-exempt cashiers at each of Defendant's locations are substantially similar.

32. Plaintiff was paid on an hourly basis by Defendant.

33. Defendant had weekly pay periods for its employees, including Plaintiff.

34. Plaintiff was entitled to be paid overtime compensation at a rate of one and one-half her regular rate of pay for all hours worked in excess of 40 hours per workweek.

35. Plaintiff regularly worked more than 40 hours during the workweeks within the relevant time period without receiving all overtime compensation owed at time and one-half her regular rate of pay. For example, some workweeks in which Plaintiff worked more than 40 hours without being paid overtime compensation for all hours over 40 include, but are not limited to, the following workweeks:

   a. The workweek including the dates beginning August 10, 2020 and ending August 16, 2020;

   b. The workweek including the dates beginning April 13, 2020 and ending April 19, 2020;

    c. The workweek including the dates beginning December 16, 2019 and ending December 26, 2019.

36. Defendant employed other cashiers who were paid on an hourly basis and who were also not paid all overtime compensation at time and one-half for all hours worked in excess of 40 in a workweek.

37. Defendant employed other cashiers who were subject to wage deductions for cash box shortages which dropped the cashier's pay below the minimum wage in violation of the FLSA.

38. Defendant did not maintain any records regarding the number of hours worked each workweek by Plaintiff.

39. Plaintiff and all others similarly situated were compensated on an hourly basis by Defendant.

40. Plaintiff and all other similarly situated cashiers are non-exempt workers under the FLSA.

41. Defendant failed to comply with the FLSA in that Plaintiff and others similarly situated performed services for Defendant, and they were not legally compensated for all hours worked and/or were compensated below the federally mandated minimum wage.

42. The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff and those similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

43. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten here.

44. Defendant's other prior and current cashiers are/were subjected to the same wrongful practices and procedures outlined above.

45. Other cashiers have been victimized by this pattern, practice and policy of the Defendant that is in violation of the FLSA as described above. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other cashiers.

46. Other similarly situated cashiers have been denied their lawful wages. Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) for all hours worked over 40 in a workweek and/or making wage deductions which decrease the employees' pay below the federally mandated minimum wage as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiff and those similarly situated.

47. Plaintiff's experiences are typical of the experience of Defendant's other cashiers.

48. Plaintiff files this case as an "opt-on" collective action as specifically allowed by 29 U.S.C. § 216(b).

49. During Plaintiff's employment, she routinely worked in excess of 40 hours per week. Even though Plaintiff and all others similarly situated worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiff and all other similarly situated for those hours worked in excess of 40 per week at a rate of one and one-half their regular rates of pay.

50. During Plaintiff's employment, she suffered wage deductions which lessened her pay below the minimum wage. There are other cashiers similarly situated to the Plaintiff who suffered the same wage deductions which decreased their pay below the federal mandated minimum wage in violation of the FLSA.

51. Plaintiff brings these claims on her own behalf and on behalf of all other similarly situated cashiers who have not been fully compensated for all work performed, time spent and activities conducted for the benefit of Defendant.

52. Plaintiff requests that Defendant fully identify all other similarly situated cashiers in order that proper notice of their right to consent to participation in this collective action may be sent.

53. Plaintiff seeks to represent those similarly situated medical assistants who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

54. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

55. Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.

56. Plaintiff has retained the undersigned counsel to represent her in this action pursuant to 29 U.S.C. § 216(b). Plaintiff has retained counsel competent and experienced in complex employment matters and collective actions.

## CAUSES OF ACTION

57. Plaintiff asserts the following causes of action individually and on behalf of those similarly situated cashiers as defined herein.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

58. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

59. Plaintiff is filing a notice of consent contemporaneously herein and incorporates the same.

60. Plaintiff and all others similarly situated are non-exempt employees who were paid on an hourly basis.

61. Plaintiff and all others similarly situated are entitled to overtime pay at a rate of time and one-half their regular rate of pay for all hours in excess of 40 hours worked during each workweek. Plaintiff and all others similarly situated are also entitled to minimum wages for all hours worked.

62. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked and recorded in excess of 40 hours per workweek. Further, Defendant's pattern or practice of making improper deductions from the pay of non-exempt cashiers was and is in violation of the FLSA.

63. Defendant has not made a good faith effort to comply with the FLSA.

64. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and by all other similarly situated employees.

65. No exemption excused the Defendant from paying Plaintiff and all others similarly situated minimum wages and/or overtime compensation for all of the hours worked over 40 per workweek.

66. Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding compensation owed to Plaintiff and to all other similarly situated employees.

67. Plaintiff and all others similarly situated seek all unpaid wages, minimum wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre-and post-judgment interest at the highest rate allowed by law through the date of any judgment in this matter.

**PRAYER**

WHEREFORE Plaintiff and all collective action members and/or members of the Class seek the following:

a. An order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b. Damages and restitution for all unpaid wages (including fringe benefits and bonuses), minimum wages, unpaid overtime compensation (at time and one-half their regular rates of pay), and other injuries;

c. Liquidated damages;

d. All applicable penalties for the violations set forth herein;

e. An aware of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

f. An award of pe-judgment and post-judgment interest at the highest rate permitted by law; and

g. Such other and further relief, at law or in equity, as this Court deems just and appropriate.

Dated:  September 14, 2020

Respectfully submitted,

By: */s/ Genevieve B. Estrada*
 Genevieve B. Estrada
 State Bar No. 24087481
 S.D. Id. No. 2158369
 ALONSO & DE LEEF, PLLC
 1201 Telephone Rd., Suite A
 Houston, Texas 77023
 Telephone: (832) 831-8283
 Facsimile: (832) 831-8247

ATTORNEY FOR PLAINTIFF